Breitel, J. (dissenting).
I dissent and vote to affirm on the ground that the city inspector’s rank, authority, and responsibility were limited. In no sense was he in charge or in supervision of the work being done. He was but a governmental inspector. The rule in Broderick v. Cauldwell-Wingate Co. (301 N. Y. 182) and like cases, has until now been confined to those charged at a superior level with the supervision of construction or demolition who issue directions (not advice) to proceed with a dangerous assignment. The effect of the holding in this case is likely to make the city, through its inspectorial staff, an insurer of safety, although the purposes of its staff are related only to handling violations. The Appellate Division was, therefore, quite correct in its conclusions. As that court *74 noted, there is a difference between the authority to stop the work because of a violation and the arrogation of authority to direct work to be done. In any event, the inspector was not so brazen as to give a direction; he gave advice and an opinion which he was not authorized to do, and for which he was neither employed nor compensated. The operative language, two brief sentences, upon which this court now places liability on the city is the utterance by the inspector: [1]
[2]‘ The bank looks solid. I don’t think it needs to be shored.” Upon those ponderous words by the inspector, construed as a direction and taking of control of the work, hangs today a judgment against the city for $181,774.18, with interest. The exposure of the city to countless future liabilities which this precedent will entail, unless inspectors are to be gagged, is unforeseeable.
Chief Judge Fuld and Judges Scileppi and Bbrgan concur with Judge Gibson ; Judge Breitel dissents and votes to affirm in a separate opinion in which Judge Jasen concurs; Judge Burke taking no part.
Order reversed, etc.